CARL D. GUARCO *v.* WILLIAM CURTIS, JR., ET AL.
(6360)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs September 13—decision released October 11, 1988

*Thomas P. Griffen* filed a brief for the appellant (plaintiff).

*Robert E. Beach, Jr.,* and *Beverly Johns* filed a brief for the appellees (defendants).

PER CURIAM. In this action for wrongful dispossession arising out of negligence, and for alleged violations of the plaintiff's civil rights, the plaintiff appeals from the judgment for the defendants rendered upon separate jury verdicts on the four counts of the complaint submitted to the jury.[1] The defendants raised three separate special defenses: (1) the plaintiff negligently caused his own losses by failing to correct the defective conditions on his property; (2) the individual defendants were entitled to governmental immunity because they acted pursuant to discretionary duties;

---

[1] The first count claimed negligence against the four individual defendants, who were officials of the city of Hartford. The second, against the city, sought indemnity pursuant to General Statutes § 7-465 for the damages claimed to arise under the first count. The third count, also against the four individual defendants, was based on 42 U.S.C. § 1983. The fourth count sought indemnity from the city, pursuant to General Statutes § 7-465, for the damages claimed to have been incurred under the third count.

and (3) the individual defendants' actions in the performance of their duties were in good faith and in accordance with law. No interrogatories were submitted to the jury.

The plaintiff raises two claims of error: (1) the evidence indicates that one of the individual defendants was negligent as a matter of law; and (2) the trial court committed plain error in its instructions to the jury concerning the issue of the negligence of the individual defendants. Under these circumstances, the general verdict rule applies to preclude review of the plaintiff's claims, because the verdicts could reasonably have been rendered on any one or all of the special defenses, which we must assume the jury found in favor of the defendants. *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202, 520 A.2d 208 (1987).

There is no error.